IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES SHELDON McGEE, Jr.,

    Petitioner,                              No. CIV S-09-2127 MCE DAD P

    vs.

JAMES A. YATES[1],                    ORDER AND

    Respondent.                     FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as untimely under the applicable one-year statute of limitations.

**RESPONDENT'S MOTION**

        In moving to dismiss, respondent provides the following chronology of events surrounding petitioner's conviction, state court appeals and post-conviction collateral challenges to his judgment of conviction.

---

[1] Respondent has informed the court that petitioner was transferred from Mule Creek State Prison to Pleasant Valley State Prison on December 1, 2009. James A. Yates is the current warden at Pleasant Valley State Prison. The court will direct the Clerk of the Court to substitute James A. Yates as the proper respondent in this action and to update petitioner's address of record.

1

1          On April 25, 2003, petitioner was convicted following a jury trial in the Yolo County Superior Court of second degree robbery, assault with a deadly weapon, and failure to register as a sex offender. On August 4, 2003, petitioner was sentenced to thirty years to life in state prison. (Lodg. Doc. 1.)

          On April 15, 2005, the California Court of Appeal for the Third Appellate District, reversed petitioner's judgment of conviction on the charge of failing to register as a sex offender and struck the related prison term enhancements. (Lodg. Doc. 2.) The judgment of conviction was affirmed in all other respects. (Id.) No petition for review was filed on petitioner's behalf in the California Supreme Court.

          Several years later, on January 9, 2009, petitioner filed a habeas petition with the California Supreme Court. On June 24, 2009, that petition was denied as untimely as indicated by the California Supreme Court's citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) in denying relief.

          In moving to dismiss the pending federal petition, respondent argues that pursuant to California Rules of Court 8.264 and 8.500 a petition for review to the California Supreme Court must be filed within forty-days of the decision by the California Court of Appeals. Respondent observes that since no petition for review was filed on petitioner's behalf, the state court judgment became final on May 25, 2005, forty-days after the decision of the Court of Appeals was issued. According to respondent, the statute of limitations for petitioner's filing of a federal habeas petition therefore began to run on May 26, 2005, and would have expired on May 25, 2006, absent any tolling. Respondent argues that because petitioner did not file any post-conviction collateral challenges to his conviction in state court within the one-year limitations period, there can be no statutory tolling of the federal statute of limitations. Respondent also contends that because petitioner's habeas petition filed with the California Supreme Court was denied with a citation to Robbins, that petition was not properly filed for purposes of 28 U.S.C. § 2244(d)(2). Accordingly, respondent argues, the untimely state court

petition cannot serve to toll the statute of limitations while it was pending before the California Supreme Court.

Petitioner has filed no opposition to respondent's motion to dismiss his federal habeas petition.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2009, the AEDPA period of limitation is applicable to the petition.

Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run from the latest of:

(A) date on which judgment became final by the conclusion of direct review or that time period;

(B) date on which the impediment to filing an application is removed;

(C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or

(D) date on which the factual predicate of the claim(s) could have been discovered

In this case, under § 2244(d)(1)(A), petitioner's judgment of conviction became final on May 25, 2005, after the expiration of the forty-days during which a petition for review could have been filed with the California Supreme Court. See California Rules of Court, Rules 8.264 (former Rule 24(b)) and 8.500 (formerly Rule 28). The statute of limitations for the filing of an application for federal habeas relief therefore began to run on May 26, 2005, and ran uninterrupted until it expired on May 26, 2006. Although petitioner eventually filed a state habeas petition with the California Supreme Court, that petition was filed over 2-1/2 years after

1 the statute of limitations for the filing of a federal petition had expired.  Once the federal statute
2 of limitations has expired, a subsequently filed state habeas petition cannot revive the statute of
3 limitations and has no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e
4 hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended
5 before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding
6 that where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of
7 limitations ended . . . [t]hat delay resulted in an absolute time bar . . . ."); see also Rashid v.
8 Khulmann, 991 F. Supp. 254, 259 (S.D. N.Y., 1998) ("The tolling provision does not   . . .
9 "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock
10 that has not yet fully run.  Once the limitations period is expired, collateral petitions can no
11 longer serve to avoid a statute of limitations.").

12  Therefore, petitioner's federal habeas petition is untimely and respondent's
13 motion to dismiss that petition should be granted.

**CONCLUSION**

15  In accordance with the above, IT IS HEREBY ORDERED that:
16  1. The Clerk of the Court is directed to substitute James A. Yates in place of
17 "Warden, Mule Creek State Prison," as the respondent in this action; and
18  2. The Clerk of the Court is directed to change petitioner's address of record to
19 Pleasant Valley State Prison.
20  Also, IT IS HEREBY RECOMMENDED that:
21  1. Respondent's January 14, 2010 motion to dismiss this action as filed beyond
22 the one-year statute of limitations (Doc. No. 12) be granted; and
23  2. This action be dismissed.
24  These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
26 one days after being served with these findings and recommendations, any party may file written

4

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within seven days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mcge2127.mtd